THE PEOPLE OF THE STATE OF NEW YORK, on the Information of CLARA L. PETTET, Respondent, v. JOHN D. PETTET, Appellant.

County Court, Westchester County, May 10, 1932.

*Rowland, Nolan & Bleakley* [*Arthur Rowland* of counsel], for the appellant.

*Frank H. Coyne, District Attorney* [*Francis M. Fallon* of counsel], for the respondent.

COYLE, J. Defendant was convicted by the Court of Special Sessions of the City of Mount Vernon as a disorderly person under section 899 of the Code of Criminal Procedure. He appeals to this court without complying with sections 749 *et seq.* of the Code of Criminal Procedure.

Title III of part V of the Code of Criminal Procedure (as amd. by Laws of 1931, chap. 405) is entitled " Of Appeals from Court of Special Sessions in the counties other than those within the City of New York." Sections 749–755 thereunder provide a complete method of procedure for the perfection of such appeals. Section 751 (as amd. by Laws of 1931, chap. 405) provides as follows: " For the purpose of appealing, the defendant, or some one on his behalf, must within thirty days after the judgment, or within thirty days after the commitment where the appeal is from the latter, make an affidavit showing the alleged errors in the proceedings or conviction or commitment complained of, and must within that time present it to the county judge or a justice of the supreme court, or in the city of Albany to the recorder, and apply thereon for the allowance of the appeal."

Section 752 provides for the allowance of the appeal by the judge to whom the application is made. And section 755 provides that upon the delivery of the affidavit and allowance to the magistrate or clerk of the court rendering the judgment, within five days after the allowance of the appeal, the appeal is deemed taken. These sections have been in the Code in substantially the same form since its enactment. Prior to 1926 there could be no doubt but that in order to perfect or take an appeal to the County Court from a judgment of the Court of Special Sessions it was necessary to comply

with such procedure. But in 1926 section 520 of the Code was amended by chapter 466 to read, in so far as it applied to appeals from judgments of Courts of Special Sessions as follows: " All appeals provided for in this chapter may be taken as a matter of right. Every person convicted in a criminal action or proceeding shall have the right to have such judgment of conviction or order reviewed on appeal by an appellate tribunal as herein provided, but there shall be only one such appeal and the decision of the appellate court shall be final, and no appeal shall lie from that court to any other court except as hereinafter provided.

" 1. * * *

" 2. Elsewhere than in the city of New York, such appeals shall be taken as follows: From a conviction by a court of special sessions, police court, police magistrate, or justice of the peace to the county court of the county in which the conviction was had; * * *

" 4. The provisions of this section shall supersede all other provisions of this code, or any other law, dealing with appeals in criminal actions and proceedings, in so far as they may be in conflict with the same."

As a result of this section many members of the bar assumed that it was no longer necessary to comply with the procedure set forth in sections 749–755 in order to perfect an appeal to the County Court, and that it was only necessary to file a notice of appeal. Such was the procedure of the appellant in this case.

The right to an appeal is one thing. The procedure or method of perfecting an appeal is another. Section 520 provides for an appeal as a matter of right. It does not provide for the method of exercising such right. It does not supersede the complete scheme for the perfection of an appeal as provided in sections 749–755. In so far as these sections provide the procedure they are not inconsistent with section 520. In so far as section 752 gives to the judge to whom the application is made discretion, such section is superseded by section 520. What was a judicial act involving discretion becomes a ministerial act. It cannot be that the Legislature intended to create alternative methods of appeal to the County Court, leaving it to appellant to determine whether to proceed under title III, part V, of the Code or under title XI, part IV. If the correct procedure is under title XI, part IV, then sections 749–755 become meaningless. Furthermore, the fact that the Legislature in 1931 amended sections 749 and 751 shows its intent that such procedure should be followed.

In the absence of compliance with sections 749–755 the appeal was not perfected and is not properly before this court.

The appeal should be dismissed.